UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PACIFIC DAWN, LLC ET AL.  CIVIL ACTION

VERSUS  NO. 10-2852

NEW ORLEANS MARINE  SECTION "R" (2)
SERVICES, INC. ET AL.

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Defendants' Motion for Rule 37 Sanctions or, in the Alternative, Defendants' Second Motion to Compel, Record Doc. No. 27

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. The motion is denied insofar as it seeks the draconian dispositive sanctions of dismissal, default, striking of pleadings etc. Plaintiffs partially complied with my previous discovery order, Record Doc. 26, by providing some responses, but they also violated my order by failing timely to respond by the deadline set in my order, by persisting in asserting objections that my previous order deemed waived, and by providing vague and incomplete responses. Under these circumstances, I find that lesser sanctions, limited to a monetary award for all attorney's fees and expenses incurred by defendant in connection both with this motion and the previous motion to compel resulting in my first order would be appropriate at this time. Thus, the motion is granted insofar as it seeks monetary sanctions as follows: No later than **December 27, 2011**, defendants must submit a new motion to set the specific amount of awardable attorneys fees and expenses, noticed for submission before me pursuant to Local Rule 7.2 and supported in the manner required by Local Rule 54.2 and by any necessary affidavit(s). Plaintiff must respond to the motion as required by Local Rule 7.5.

The motion is also granted insofar as it seeks an order requiring full and complete responses to defendants' written discovery. **IT IS ORDERED** that no later than **December 28, 2011**, plaintiffs must (1) provide defendants with full and complete answers to Interrogatories Nos. 6, 12 and 15, without objection, either curing all deficiencies in the current answers as detailed in defendants' reply memorandum, Record Doc. No. 38, or

stating that they have no additional responsive information, (2) provide defendants with new written responses to Requests for Production Nos. 1, 2, 6, 7, 9, 10, 12, 13, 15 and 16, without objection since all objections are deemed waived, either curing all deficiencies in the current responses detailed in defendants' reply memorandum or clearly stating either that <u>all</u> responsive materials <u>sought in the original request</u> in its possession, custody or control have been produced or that plaintiff has <u>no</u> responsive materials <u>sought in the original request</u> in its possession, custody or control, <u>and</u> (3) photocopy, organize and actually deliver to defendants' counsel, all at plaintiffs' own expense, all materials responsive to these requests. If defendants seek materials <u>not</u> included in their original requests for production, they must propound new requests for such material.

In addition, if plaintiffs have not already provided the sworn verification of <u>all</u> interrogatory answers required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5), they must do so no later than **December 28, 2011**.

New Orleans, Louisiana, this   14th   day of December, 2011.

                                  JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE