UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PACIFIC DAWN, L.L.C. ET AL.                        CIVIL ACTION

VERSUS                                             NO. 10-2852

NEW ORLEANS MARINE SERVICES, INC. ET AL.           SECTION "R" (2)

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Defendants' Motion to Set Amount of Attorney's Fees, Record Doc.
               No. 43

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART.  Local Rule 7.5 of the Eastern
District of Louisiana requires that memoranda in opposition to a motion be filed and
served no later than eight days before the noticed submission date.  No memorandum in
opposition to defendants' Motion to Set Amount of Attorney's Fees, Record Doc. No. 43,
submitted for decision on January 4, 2011 without oral argument, has been timely
submitted.  Accordingly, this motion is deemed to be unopposed.  Nevertheless, it is the
obligation of the court to make its own independent evaluation of the reasonableness of
awardable attorney's fees.  See In Re: High Sulfur Content Gasoline Prods. Liab. Litig.,
517 F.3d 220, 227 (5th Cir. 2008).  I do so as follows:

       In this case, defendants have requested an award of $4,972.50 as the amount of
fees to be awarded for plaintiffs' violation of my previous discovery order, Record Doc.
No. 42, and Fed. R. Civ. P. 37(b)(2)(A); see Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or
in addition to the orders above, the court must order the disobedient party, the attorney
advising that party, or both to pay the reasonable expenses, including attorney's fees,
caused by the failure, unless the failure was substantially justified or other circumstances
make an award of expenses unjust.").

       Determination of reasonable attorney's fees is a two-step process that begins with
determination of the "lodestar" amount.

       A lodestar is calculated by multiplying the number of hours reasonably
       expended by an appropriate hourly rate in the community for such work.

> After making this calculation, the district court may decrease or enhance
> the lodestar based on the relative weights of the twelve factors set forth in
> <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir.
> 1974).

<u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing <u>City of
Burlington v. Dague</u>, 505 U.S. 557, 562 (1992); <u>Shipes v. Trinity Indus.</u>, 987 F.2d 311,
319-20 (5th Cir. 1993)). The <u>Johnson</u> factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly; (4) the
> preclusion of other employment by the attorney; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) the time limitations imposed
> by the client or circumstances; (8) the amount involved and results
> obtained; (9) the experience, reputation, and ability of the attorneys; (10)
> the undesirability of the case; (11) the nature and length of the professional
> relationship with the client; and (12) the award in similar cases.

<u>Johnson</u>, 488 F.2d at 717-19.

"The lodestar . . . is presumptively reasonable and should be modified only in
exceptional cases." <u>Watkins v. Fordice</u>, 7 F.3d 453, 459 (5th Cir. 1993) (citing <u>City of
Burlington</u>, 505 U.S. at 562); <u>accord</u> <u>Heidtman</u>, 171 F.3d at 1043.

First, I must determine whether the hourly rate charged by defendants' counsel
was reasonable. I find that the rate of $195 per hour charged by defendants' attorney
Corey E. Dunbar is reasonable in the New Orleans legal market for a lawyer with his
qualifications and experience in commercial litigation of this type. <u>Thompson v.
Connick</u>, 553 F.3d 836, 868 (5th Cir. 2008), <u>panel opin. vacated by grant of reh'g en
banc</u>, 562 F.3d 711 (5th Cir.), <u>dist. ct. aff'd on reh'g en banc</u>, 578 F.3d 293 (5th Cir.
2009); <u>Green v. Administrators of Tulane Educ. Fund</u>, 284 F.3d 642, 662 (5th Cir. 2002),
<u>abrogated in part on other grounds by</u> <u>Burlington N. & Santa Fe Ry. v. White</u>, 548 U.S.
53, 63-64 (2006); <u>Board of Sup'rs of La. State Univ. v. Smack Apparel Co.</u>, No. 04-1593,
2009 WL 927996, at *4 (E.D. La. Apr. 2, 2009) (Lemmon, J.); <u>Speaks v. Kruse</u>, No.
04-1952, 2006 WL 3388480, at *3-4 (E.D. La. Nov. 20, 2006) (Livaudais, J.).

Next, I must determine whether the number of hours spent by defendants' counsel
on this task was reasonable. My previous order, Record Doc. No. 42, granted defendants
an award of sanctions in the amount of their attorney's fees and expenses incurred in
connection with both their original Motion to Compel, Record Doc. No. 24, and their
Motion for Rule 37 Sanctions or, in the Alternative, Defendants' Second Motion to
Compel, Record Doc. No. 27. In addition to the reasonable attorney's fees incurred in
connection with those two motions, defendants now seek their reasonable attorney's fees
incurred in preparing the instant motion. Such fees are awardable. <u>Riley v. City of</u>

Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Lewallen v. City of Beaumont, No. 1:05-CV-733-TH, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), aff'd, 394 F. App'x 38 (5th Cir. 2010); Chaparral Tex., L.P. v. W. Dale Morris, Inc., No. H-06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009).

I have reviewed Dunbar's affidavit and the attached time report.  I find that all of his requested hours were incurred in connection with defendants' two motions to compel, with the exception of 4.75 hours spent before he began preparing the first motion on September 8, 2011.  I find that the remaining hours he expended on defendants' two motions to compel and their motion to set the amount of attorney's fees were reasonable.

After deducting 4.75 hours from the requested 25.50 hours, the lodestar amount is $4,046.25 (20.75 hours multiplied by the reasonable hourly rate of $195).  Defendants do not seek any enhancement of the lodestar amount.  I find that the lodestar amount is reasonable and requires no adjustment by any of the Johnson factors.  Accordingly, **IT IS ORDERED** that plaintiffs must pay to defendants $4,046.25 in reasonable attorney's fees.

New Orleans, Louisiana, this _____4th_____ day of January, 2012.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3