UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PACIFIC DAWN, LLC, ET AL.                CIVIL ACTION

VERSUS                                   NO: 10-2852

NEW ORLEANS MARINE SERVICE, INC.,        SECTION: R(2)
ET AL.

## ORDER AND REASONS

Defendants New Orleans Marine Services, Inc. and Childs Dunbar move for summary judgment pursuant to Federal Rule of Civil Procedure 56, alleging that plaintiffs' claims are time-barred.[1]  Because defendants were not prejudiced as a result of plaintiffs' delay in bringing suit, the Court finds that plaintiffs' claims are not barred by laches.  Accordingly, defendants' motion is DENIED.

## I.   BACKGROUND

In December 2007, plaintiff Pacific Dawn, LLC brought the M/V PACIFIC DAWN to Bollinger Quick Repair for maintenance and repair.[2]  Defendant New Orleans Marine Services, Inc. ("NOMS") and its president, defendant Childs Dunbar, oversaw the repairs

---

[1]   R. Doc. 49.

[2]   R. Doc. 4 at ¶6.

and served as liaison between plaintiffs and Bollinger.[3] After Bollinger completed the repairs, plaintiffs took the M/V PACIFIC DAWN out for a sea trial and determined that the repairs had not been completed properly.[4] As a result, Pacific Dawn took the vessel to Conrad Industries, a second shipyard, to "fix the errors of the previous repairs."[5]

Plaintiffs initially sued Bollinger over the faulty repairs and settled that claim on February 22, 2010.[6] Plaintiffs then filed this admiralty action on August 30, 2010, asserting breach of contract and negligence claims against NOMS and Dunbar. In particular, Pacific Dawn alleges that the damage incurred to the M/V PACIFIC DAWN resulted from Dunbar's inadequate supervision of the repairs.[7] In addition, plaintiffs seek a declaratory judgment that they do not owe NOMS fees and expenses for outstanding invoices.[8] Defendants now move for summary judgment, contending that plaintiffs' breach of contract claims fail as a matter of law and that plaintiffs' negligence claims have

---

[3]   *Id.* at ¶7.

[4]   *Id.* at ¶¶8-9.

[5]   *Id.* at ¶10.

[6]   Case No. 09-7455, R. Doc. 5.

[7]   *Id.* at ¶8.

[8]   *Id.* at ¶12.

prescribed under Louisiana law.[9] Because plaintiffs now concede that they did not have a contract with NOMS, the Court grants the motion as to the contract claims.[10] Plaintiffs contend that because the negligence claims are maritime in nature, Louisiana law on prescription is inapplicable and that the doctrine of laches applies.[11]

## II. STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth

---

[9] R. Doc. 49-1 at 2.

[10] R. Doc. 75 at 8.

[11] R. Doc. 67.

'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify

specific facts that establish a genuine issue for trial.  *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

### III. DISCUSSION

Defendants contend that plaintiffs' claims are time-barred. Plaintiffs' claims of negligence in overseeing repairs to the M/V PACIFIC DAWN are maritime in nature.  *See ALCOA Steamship Co. v. Charles Ferran & Co.*, 383 F.2d 46, 50 (5th Cir. 1967)("It is well settled that a contract to repair a vessel is maritime . . . . Consequently, a shipowner has a maritime cause of action [when] he sues . . . in tort for the negligent performance of a maritime contract.").  The timeliness of property damage actions, such as these, is governed by the equitable doctrine of laches.  *See Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209 (5th Cir. 1980)(applying laches to maritime property damage action). Laches is "an inexcusable delay that results in prejudice to the defendant."  *Bd. of Supervisors for La. St. Univ. Agricultural & Mechanical Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489-90 (5th Cir. 2008)(quoting *Elvis Presley Enters., Inc. v. Capece*, 141

5

F.3d 188, 205 (5th Cir. 1998)); *see also Albertson v. T.J. Stevenson & Co.*, 789 F.2d 223, 233 (5th Cir. 1984). In evaluating a defense of laches, the Court must weigh the equities as they appear from the facts of each case. *See Esso Int'l, Inc. v. S.S. Captain John*, 443 F.2d 1144, 1150 (5th Cir. 1971). In maritime or admiralty actions, the Fifth Circuit uses a three-part test to analyze the validity of a laches defense: 1) whether there was delay in asserting a right or claim; 2) whether or not the delay was excusable; and 3) whether the delay resulted in undue prejudice to the party against whom the claim is asserted. *See West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1234 (5th Cir. 1988)(citing *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209 (5th Cir. 1980)).

### A.   Delay in Asserting the Claim

The Court must first determine whether there was a delay in asserting the claim under the prescriptive period or statute of limitations for the most analogous statute. *See Mecom*, 622 F.2d at 1215; *Watz v. Zapata Off-Shore Co.*, 500 F.2d 628, 632-33 (5th Cir. 1974). If the analogous statute of limitations has run, a presumption of laches arises, and the burden shifts to the plaintiff to demonstrate that the delay was excusable or that the defendant was not prejudiced by the lapse of time. *See Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 233 (5th Cir. 1984). The

6

second and third prongs of the laches test are disjunctive; a plaintiff need show only excusable delay *or* absence of prejudice. *See Mecom*, 622 F.2d at 1215; *Watz*, 500 F.2d at 633.

Plaintiffs' claims "are subject to the analogous Louisiana prescriptive statute of one-year liberative prescription."[12]  *See* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year."); *Union Pacific R.R. Co. v. Dunham Price Marine, LLC*, No. 06-291, 2008 WL 3539726, at *3 (E.D. La. Aug. 13, 2008)(applying Article 3492 to a maritime property damage claim).  Plaintiffs' discovery responses indicate that plaintiffs were aware of most of NOMS's derelictions at least by the time they put the vessel in drydock at Conrad Shipyard on April 9, 2009[13] to "repair the mistakes and omissions of defendants."[14]  In addition, plaintiffs state they discovered that the propellers recommended by NOMS were rejected in July of 2009.[15]  In delictual actions, the prescriptive period "commences on the date the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit." *Lee v. City of Shreveport*, 58 So.3d 601, 605 (La. App. 2011). Here, the latest possible date is July 13, 2009.  Because

---

[12]   R. Doc. 72 at 2.

[13]   R. Doc. 49, Def.'s Ex. F at 2.

[14]   R. Doc. 49, Def.'s Ex. D at 6.

[15]   R. Doc. 49, Def.'s Ex. C at 4.

plaintiffs filed suit on August 30, 2010, over a year after the latest discovery of damage, the analogous statute of limitations has run.

Plaintiffs nevertheless contend that the continuing tort doctrine applies to their claims and that under this doctrine the prescriptive period did not begin until the vessel left Conrad Shipyard in October 2009. Accordingly, plaintiffs argue, the action commenced on August 30, 2010 falls within the one-year prescriptive period.[16] A prescriptive period may be suspended when a defendant's violations are continuing. The continuing tort doctrine "requires that the operating cause of the injury be a continuous one which results in continuous damages." *Crump v. Sabine River Auth.*, 737 So.2d 720, 726 (La. 1999). Under the "continuous action" element, "there must be a continuing duty owed to the plaintiff and a continuing breach of that duty by the defendant." *Id.* at 728.

This doctrine has no application here because the operating cause of injury was not continuous and did not result in continuous damages. Rather, plaintiffs allege discrete acts of negligence by NOMS. Further, in continuing tort actions "prescription dates from the cessation of the wrongful conduct causing the damage." *Crump*, 737 So.2d at 726. Those instances involving Bollinger ceased when Conrad gained control over the

---

[16]   R. Doc. 75 at 4.

vessel, and at that point any wrongful conduct by defendants in supervising Bollinger must necessarily have ceased. Simply because plaintiffs continued to be injured after the conduct ceased does not render defendants' actions a continuous tort. *See Hogg v. Chevron, Inc.*, 45 So.3d 991, 1005 (La. 2010)("When the wrongful conduct was completed, but the plaintiff continued to experience injury in the absence of any further activity by the tortfeasor, no continuing tort was found."). *See also Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, - So.3d -, 2011 WL 5865523, at *23 (La. 2011)(finding no continuous violation even with "the continued presence of the alleged contamination" because that contamination "is simply the continuing ill effect from the original tortious acts"). Accordingly, the Court rejects plaintiffs' efforts to invoke the continuing tort doctrine.

Since the analogous statute of limitations has run, a presumption of laches arises. The burden thus shifts to plaintiffs to demonstrate either that the delay was excusable or that defendants were not prejudiced.

**B.  Whether the Delay was Excusable**

"Proof of delay alone is not sufficient to bar suit because an excusable delay does not support a laches defense." *Ryan Marine Servs., Inc. v. Hudson Drydocks, Inc.*, No. 06-2245, 2011

WL 3739047, at *2 (W.D. La. Aug. 23, 2011). Delay is excusable when "a plaintiff gives defendants notice of the claim and the opportunity to protect their interests within a reasonable time, notwithstanding the fact that the analogous state statute of limitations may have expired." *Robert B. Miller & Assocs., Inc. v. M/V RENEE*, No. 00-3808, 2001 WL 515249, at *2 (E.D. La. May 10, 2001)(citing *West Wind Africa Line*, 834 F.2d at 1234). Plaintiffs contend that the delay is excusable because defendants were on notice of their claims and because they sought resolution of their issues without resorting to litigation.[17] Defendants argue that plaintiffs have provided no reason why they did not assert claims against defendants in their earlier action against Bollinger.[18]

The Court finds that plaintiffs have failed to demonstrate that their delay should be excused. Although defendants were placed on notice of plaintiffs' claims against Bollinger, plaintiffs provide no evidence that defendants were placed on notice of plaintiffs' claims against defendants. *Cf. Boland Marine & Mfg. Co., LLC v. M/V/ A.G. NAVAJO*, No. 02-0658, 2002 WL 31654952, at *4 (E.D. La. Nov. 21, 2002)(delay was excusable because defendants had been promptly notified of claims against them). Further, plaintiffs present no evidence of the purported

---

[17]   R. Doc. 75 at 6.

[18]   R. Doc. 72 at 2.

negotiations with defendants.  At most, the interrogatories plaintiffs submit establish the dates on which defendants provided plaintiffs with invoices.[19]  Accordingly, the Court finds that plaintiffs' delay in bringing suit is inexcusable.

**C.   Prejudice**

Even if plaintiffs cannot establish an excusable delay, they can nonetheless defeat a laches defense by demonstrating that defendants suffered no prejudice as a result of the delay.  See *Bisso Marine Co., Inc. v. Conmaco, Inc.*, No. 99-0227, 2001 WL 434493, at *3 (E.D. La. Apr. 27, 2001)(motion to dismiss on the basis of laches was denied where plaintiff did not show excusable delay but did demonstrate the absence of prejudice).  See also *Akers v. State Marine Lines, Inc.*, 344 F.2d 217, 220 (5th Cir. 1965)("If it can be shown that respondents have suffered no prejudice from the delay, then the unexcused delay alone is not sufficient to cause the [action] to be dismissed.").  To establish prejudicial harm, the party "must show a delay [that] has subjected him to a disadvantage in asserting and establishing his claimed right to defense."  *Esso*, 443 F.2d at 1150 (citing *Point Landing Inc. v. Alabama Dry Dock & Shipbuilding Co.*, 261 F.2d 861 (5th Cir. 1958).  "Defense prejudice," including the "loss of records, destruction of evidence, fading memories, or

---

[19]   R. Doc. 75, Pla.'s Ex. A at 6.

unavailability of witnesses," may be sufficient to bar a claim under laches. *Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed. Cir. 1988).

Although defendants contend that they have been prejudiced by plaintiffs' inexcusable delay in bringing suit against them, plaintiffs submit evidence which suggests otherwise. The president of NOMS, Childs Dunbar, said in his deposition that he had been involved with plaintiffs from the outset and that he has retained the records pertinent to plaintiffs' allegations.[20] Indeed, Dunbar stated that he saves "all records [and] [a]ll communications" for "[a]ll areas of inspection [including] [w]ork[s] in progress and completion."[21] He further stated that he kept all the photographs he took over the course of the job.[22] Defendants present only unsupported allegations that plaintiffs' delay has caused them prejudice. Without more, the Court finds that defendants were not prejudiced by plaintiffs' inexcusable delay in bringing suit. *Cf. Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 233 (5th Cir. 1984)(plaintiff's dilatoriness prevented defendant from retaining records, logs, and other reports related to the suit, thereby seriously undermining defendant's defense).

---

[20]   R. Doc. 75, Pla.'s Ex. B at 6-7.

[21]   *Id.* at 10-11.

[22]   *Id.* at 11.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment.

New Orleans, Louisiana, this <u>2nd</u> day of March, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE